**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-40530

United States of America,

Plaintiff-Appellee,

VERSUS

Julius L. Heard, III,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

(98-CR-16-2)

October 19, 2000

Before REAVLEY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Appellant Julius Heard, III, appeals his conviction for conspiracy to commit bankruptcy and tax fraud, aiding and abetting concealment of proceeds from a bankruptcy estate, aiding and abetting a failure to report income, and underreporting income.

---

*Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

1

Appellant is a certified public accountant who performed accounting services for his father-in-law, Mr. Delwin Morton, including preparing personal and professional tax returns. Appellant was charged with, *inter alia*, conspiring with Mr. Morton to knowingly and fraudulently conceal certain property belonging to the bankruptcy estate by reporting false income, shifting income, concealing partnership distributions, and preparing false income tax returns. At trial, the government presented evidence that Appellant had provided his father-in-law with CPA services and advice in connection with alleged tax evasion transactions.

Appellant argues that the district court erred in applying Federal Rule of Evidence 403, by admitting the prosecution's unduly prejudicial evidence of his father-in-law's bad character and by excluding his expert's testimony explaining certain accounting and business practices. Appellant failed to object at trial to the admission or exclusion of most of the evidence that he complains of on appeal. He did object, however, to the introduction of evidence related to his father-in-law's indictment and to the exclusion of the testimony of his expert witness.

"Where the party challenging the trial court's evidentiary ruling makes a timely objection, we review that ruling under an abuse-of-discretion standard." United States v. Hernandez-Guevara, 162 F.3d 862, 869 (5th Cir. 1998). However, "[p]lain errors or defects affecting substantial rights may be noticed although they

were not brought to the attention of the court." Fed. R. Crim. P. 52(b). We apply Rule 52(b) as outlined in United States v. Olano, 507 U.S. 725 (1993). "Under that test, before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error " ' "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." ' "" Johnson v. United States, 520 U.S. 461, 466-67 (1997) (quoting United States v. Olano, 507 U.S. at 732, in turn quoting United States v. Young, 470 U.S. 1, 15 (1985), in turn quoting United States v. Atkinson, 297 U.S. 157, 160 (1936))(internal citations omitted).

From a review of the record, we conclude that the district court did not abuse its discretion in the evidentiary rulings to which the Appellant objected at trial. Appellant's counsel, in his opening statement, asserted that, "[Appellant] never knowingly and purposefully helped Mr. Morton do anything wrong or improper," and "[Appellant] had no reason to even suspect, much less know, that Del Morton was involved in fraudulent doings." The government introduced a letter written by Appellant to the Internal Revenue Service asking for additional time to prepare a return for his father-in-law because of his father-in-law's indictment, and on cross examination, questioned Appellant about the indictment. Appellant's reference to his father-in-law's indictment by a grand

3

jury of illegal conduct was relevant to show that Appellant knew of both the indictment and the true nature of the subsequent activities in which he participated with his father-in-law. It was also relevant to impeach the credibility of his testimony that he was unaware of the illegal nature of his father-in-law's activities. Furthermore, the district court instructed the jury that it should take into consideration that the father-in-law had been acquitted of the particular charge made in the indictment. The district court properly, thoroughly, and repeatedly instructed the jury before, during, and after evidence was taken that Appellant could not be convicted merely because of his association with another person who committed a crime, and that he was presumed innocent until proven guilty beyond a reasonable doubt based upon the jury's consideration of all of the evidence as instructed.

The trial court did not abuse its discretion by excluding the testimony of Appellant's accounting and business practices expert because the expert's specialized knowledge would have been of little, if any, relevance or assistance to the jury in this particular case. The government's case did not call into question the facial propriety of the practices of the Appellant or his father-in-law. Instead, the prosecution sought to prove with extrinsic evidence that the Appellant and his father-in-law used apparently typical and legitimate practices to conceal and misrepresent their illegitimate activities. Consequently, the district court did not abuse its discretion in ruling that, based

4

on the material issues of this case, the expert's specialized knowledge of the accounting and business practices used would not be of relevant assistance to the jury in understanding or deciding the crucial credibility issues related to whether the Appellant knew that the practices were being used to conceal or misrepresent true facts. See United States v. West, 22 F.3d 586, 600 (5th Cir. 1994)(upholding exclusion of expert testimony where jury was "perfectly capable of determining, based on the evidence presented," the contested issue).

As for the evidence objected to for the first time on appeal, we see no error in its introduction, much less error that was "plain," that "affect[s] substantial rights" and that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Johnson, 520 U.S. at 466-67 (internal citations omitted). The charges against the Appellant involved his alleged knowledge and conduct that was inextricably related to the alleged unlawful activities of his father-in-law. The unlawfulness of the father-in-law's activities was not genuinely at issue; the true extent of Appellant's knowledge when he participated and assisted in those actions was the crucial issue. The parties did not seriously question the facts of the father-in-law's actions as both relied to a large extent on a common version of them to explain whether the Appellant's involvement constituted criminal activity. The Appellant's defense was based primarily on his testimony that he was unaware that his accounting services and other assistance

5

were being used by his father-in-law for unlawful purposes. The prosecution severely challenged his credibility and innocence with clearly relevant and admissible evidence. For instance, when Appellant was asked on cross-examination about a bankruptcy schedule he had prepared that failed to disclose a distribution by a partnership of which he was a member, Appellant admitted that it caused him concern. The trustee of his father-in-law's bankruptcy estate verified that distributions for several years shown in partnership returns prepared by Appellant were not listed as assets of the estate when they should have been. Another witness testified that records of the distributions were available to Appellant and that he prepared tax returns for the partnership, but did not give the information to the bankruptcy trustee. Yet another witness and even Appellant himself both testified that Appellant also did not list the distributions as income on his father-in-law's personal returns, which Appellant prepared. Furthermore, Appellant also admitted that he characterized an alleged "land sale" differently after the sale was complete by preparing a fraudulent trustee agreement. Additionally, the government presented evidence of tax returns prepared by Appellant that had misrepresented personal expenses as deductible business expenses and Appellant's failure to amend the returns even after he claimed to have discovered the errors.

Finally, Appellant also challenges factual determinations made by the judge at the sentencing phase under Apprendi v New Jersey,

120 S. Ct. 2348 (2000). Although Appellant argues that <u>Apprendi</u> should be applied to cases in which sentencing determinations merely increase the sentence within the statutory range, we decline to extend <u>Apprendi</u>, which held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. Because the factual determinations made by the district court did not increase Appellant's sentence beyond the statutory maximum, Appellant's argument is without merit. <u>See</u> <u>United States v. Doggett</u>, 2000 WL 1481160, *4 (5th Cir. 2000); <u>United States v. Meshack</u>, 2000 WL 1218437 (5th Cir. 2000).

The judgment of conviction rendered by the district court is AFFIRMED.