IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50380

_____


UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

                    v.

RODNEY SLOAN DOGGETT; DUNOIS "DEE" T. BEMAN,

                              Defendants - Appellants.

                    ---------------------------------
                    Appeal from the United States District Court
                        for the Western District of Texas
                    ---------------------------------
                              October 6, 2000
Before WIENER, BENAVIDES and PARKER, Circuit Judges.

BENAVIDES, Circuit Judge:

     Defendants Rodney Sloan Doggett and Dunois "Dee" T. Beman
challenge their convictions and sentences for possession of
methamphetamine with intent to distribute and conspiracy, in
particular the constitutionality of treating drug quantities as a
sentencing factor rather than an element of the underlying crime.
Their appeal requires us to apply the Supreme Court's recent
decision in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000).
*Apprendi* held that "[o]ther than the fact of a prior conviction,
any fact that increases the penalty for a crime beyond the
prescribed statutory maximum must be submitted to a jury, and
proved beyond a reasonable doubt."  *Id.* at 262-63.  We hold,

consistent with our sister circuits that have considered the issue, that for purposes of § 841(b)(1), the quantity of drugs is such a fact.[1]  Accordingly, Beman's sentence is vacated and his case is remanded to the district court for further proceedings. Since Doggett's sentence was not impermissibly enhanced by the court's finding of the quantity of drugs, his sentence, with the modified term of supervised release, is affirmed.

I. *Facts and Procedural History*

Rodney Sloan Doggett and Dunois "Dee" T. Beman were indicted for conspiracy to manufacture an unspecified quantity of methamphetamine in violation of 18 U.S.C. §§ 841(a) and 846 (Count 1), and for aiding and abetting the manufacture of methamphetamine in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 (Count 2).  The Government notified both Doggett and Beman of its intent to seek an enhanced penalty against them based on the quantity of drugs, and against Beman based on his two prior felony drug convictions for possession with intent to distribute methamphetamine.

At trial, Doggett's defense concentrated on the theory that the person who had tipped off the police to the methamphetamine laboratory in Doggett's garage was actually responsible for the drugs.  In November 1998, a jury convicted Doggett and Beman on

---

[1] *United States v. Lewis*, 2000 WL 1390065 (4th Cir. 2000); *United States v. Nordby*, 2000 WL 1277211 (9th Cir. 2000); *United States v. Aguayo-Delgado*, 220 F.3d 926 (8th Cir. 2000).

2

both counts.  At sentencing, Doggett and Beman filed a joint objection to the presentence report ("PSR"), arguing in pertinent part that the Supreme Court's recent holding in *Jones v. United States*, 526 U.S. 227 (1999), indicated that the amount of drugs was an element of the offense which must be presented to the jury and not merely a sentencing factor.  The district court overruled the objection.

The district court sentenced Doggett to 235 months' imprisonment on each count, followed by five years' supervised release on each count, with the sentences to run concurrently. The court sentenced Beman to life imprisonment on each count, followed by eight years' supervised release, with the sentences to run concurrently.  Both defendants filed timely notices of appeal.  Following briefing and oral argument in this case, the Supreme Court issued its opinion *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000).

## II. *Analysis*

Doggett and Beman contest the constitutionality of their sentences, arguing that the amount of drugs in question should have been proven to the jury beyond a reasonable doubt.  They also challenge the district court's decision to exclude the testimony of a defense witness, its admission of Beman's prior convictions for possession of methamphetamine with intent to distribute, and its calculation of the amount of methamphetamine

3

attributable to the conspiracy.

A. *Constitutional Challenge*

1. *Review of Supreme Court Precedent*

Prior to *Apprendi*, the Supreme Court's most recent decision in this area was *Jones v. United States*, 526 U.S. 227 (1999). In *Jones*, the Court considered a challenge to a conviction under the federal car jacking statute (18 U.S.C. § 2119). The Court determined that, given the structural uncertainty as to whether the injury or death of a victim was a sentencing factor or an element of an independent crime, the doctrine of constitutional doubt required that the courts interpret the provisions as establishing separate crimes, all elements of which had to be proven to a jury beyond a reasonable doubt. Similarly, in *Castillo v. United States*, 120 S.Ct. 2090 (2000), the Court construed an ambiguous statute as setting out separate offenses rather than a single offense with sentencing factors. The Court's analysis in these cases looks to the structure of the statute in issue, the legislative history, and whether courts historically considered a particular fact during the sentencing phase. *Compare Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998) (finding that recidivism's typical status as a sentencing factor weighed against construing statute provision as creating a separate element of the crime rather than a sentencing factor) and *Castillo v. United States*, 120 S.Ct. at 2093-94 (use

4

of a machine gun not a typical sentencing factor).

In a footnote to *Jones*, the Court foreshadowed its eventual holding in *Apprendi* by noting that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones*, 526 U.S. at 227 n.6. The Supreme Court, however, then explicitly stated that its opinion "does not announce any new principle of constitutional law, but merely interprets a particular federal statute in light of a set of constitutional concerns that have emerged through a series of our decisions over the past quarter century." *Jones*, 526 U.S. at 252 n.11. Given the clear congressional intent in § 841 and the uncertain mandate of *Jones*, we would have been hesitant to overturn our well-established precedent that the quantity of drugs is a sentencing factor and not an element of the offense. *See United States v. Hare*, 150 F.3d 419, 428 n.2 (5th Cir. 1998); *United States v. Ruiz*, 43 F.3d 985, 989 (5th Cir. 1995). *Apprendi* compels us to take this step.

In *Apprendi*, the Supreme Court overturned a sentencing scheme that allowed a state judge, by a preponderance of the evidence, to enhance a defendant's penalty beyond the prescribed statutory maximum. Apprendi had been indicted on 23 counts,

5

relating to four separate shootings and the unlawful possession of various firearms.  As part of a plea agreement, Apprendi pled guilty to two counts of unlawful possession in the second degree (Counts 3 and 18) and one count of unlawful possession in the third degree (Count 22).  Under New Jersey law, a conviction for a second degree crime carries a penalty of 5-10 years.

The state moved to enhance Apprendi's sentence on Count 18 under New Jersey's "hate crime" statute.  The trial judge, by a preponderance of the evidence, found Apprendi had "acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation, or ethnicity," *Apprendi*, 120 S.Ct. at 2351 (quoting N.J.S.A. § 2C:44-3(e)), a finding which enhanced his sentence to 10-20 years.  Apprendi was then sentenced to twelve years on Count 18 with the sentences on the other two counts to run concurrently.  The Supreme Court of New Jersey affirmed Apprendi's sentence.  The Supreme Court reversed, holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Id.* at 2363-64.

2. *21 U.S.C. Section 841*

This case presents the question recently left unanswered in *United States v. Meshack*, 2000 WL 1218437 (5th Cir. 2000), whether drug quantities under § 841(b) are sentencing factors or

elements of the offense.  We conclude that there is no reasonable construction of § 841 that would allow us to avoid the broad constitutional rule of *Apprendi*.  Notwithstanding prior precedent of this circuit and the Supreme Court that Congress did not intend drug quantity to be an element of the crime under 21 U.S.C. §§ 841 and 846, we are constrained by *Apprendi* to find in the opposite.  In a departure from its previous analysis, the *Apprendi* Court, quoting *Jones*, 526 U.S. at 252-53 (STEVENS, J. concurring), held that "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed."  *Appendi*, 120 S.Ct. at 2363.  The relevant inquiry is now whether a factual determination is involved, and whether that determination increases the sentence beyond the maximum statutory penalty.

The drug quantity determination is critical to the statutory sentencing provisions in 21 U.S.C. § 841.  Section 841 consists of two relevant subsections.  Section 841(a) makes it unlawful for any person to manufacture or distribute a controlled substance.  Section 841(b) defines the applicable penalties for violations of § 841(a) based on the type and quantity of drug, previous convictions, and whether death or serious bodily injury resulted from use of the drug.  The structure of § 841 is similar to that described by Justice Thomas in his concurrence to

7

*Apprendi*, "if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact--of whatever sort--the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny. The aggravating fact is an element of the aggravating crime." *Apprendi*, 120 S.Ct. at 2368.

Section 841 clearly calls for a factual determination regarding the quantity of the controlled substance, and that factual determination significantly increases the maximum penalty from 20 years under § 841(b)(1)(C) to life imprisonment under § 841(b)(1)(A). Therefore, we hold that if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt. To the extent our prior precedent is inconsistent with this holding and *Appendi*, it is overruled.

3. *Application to Doggett and Beman*

As had been the practice in this circuit, no specified amount of drugs were charged in the indictment or submitted to the jury in this case. Following the jury's guilty verdict, the judge determined, by a preponderance of the evidence, the quantity of drugs attributable to each defendant. Doggett and Beman raised their constitutional objections to their sentences

during the sentencing hearing.  Therefore, they have adequately preserved error on this issue and it is squarely before us on a de novo standard of review.  *See United States v. Ocana*, 204 F.3d 585, 588-89 (5th Cir. 2000) (error is preserved for de novo review where objections made in the sentencing process).

a. *Rodney Sloan Doggett*

As we explained to a similarly situated defendant in *Meshack*, the Supreme Court's decision in *Apprendi* does not effect Doggett's term of imprisonment because it does not exceed the statutory maximum authorized by the jury's findings.  *See Meshack*, 2000 WL 1218437, *12.  Doggett was charged under § 846 for conspiracy to manufacture a quantity of methamphetamine (Count 1) and under § 841(a)(1) and 18 U.S.C. § 2 with aiding and abetting and manufacture of a quantity of methamphetamine (Count 2).  The jury found him guilty beyond a reasonable doubt on both counts.  The court, based on the PSR, concluded Doggett was responsible for 575 grams of a mixture or substance containing methamphetamine.  The enhanced penalty under § 841(b)(1)(A) for this quantity of methamphetamine is 10 years to life on each count.

The jury in this case made no finding concerning the quantity of methamphetamine that Doggett manufactured, conspired to manufacture, or aided and abetted in manufacturing.  The jury's verdict only represents a finding that he conspired and

9

possessed methamphetamine for these purposes or with the intent to achieve these purposes in violation of § 841(a)(1). Thus, Doggett can only be sentenced using the statutory range contained in § 841(b)(1)(C), which provides a maximum penalty of twenty years for the manufacture of Schedule II controlled substances, such as methamphetamine. As Doggett's sentence of 235 months falls short of this statutory maximum, his claim fails. Doggett's sentence was not enhanced beyond the statutory maximum by a factor not contained in the indictment or submitted to the jury.[2]

As instructed by U.S.S.G. § 1B1.3(a)(1)(A), (B), and (2), the district court determined Doggett's base offense level on the basis of all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of the conviction. In controlled substance cases, this involves aggregating the drug quantities manufactured, distributed, or possessed by the defendant and any co-conspirators. The district court determined a base level of 34, which applies when the total amount of methamphetamine is between 300 grams and one kilogram.

---

[2] Since the elements found by the jury satisfied only a conviction under § 841(b)(1)(C), a Class C felony, Doggett's term of supervised release could not exceed three years. *See* § 3583(b)(2) (authorizing a term of supervised release of "not more than three years" for a Class C felony); *United States v. Kelly*, 974 F.2d 22, 24-25 (5th Cir. 1992). Accordingly, we modify Doggett's supervised release to the statutorily mandated three-year term. *United States v. Gracia*, 983 F.2d 625, 630 (5th Cir. 1993).

U.S.S.G § 2D1.1(a)(3)(c)(3).  The base level was increased two levels for obstruction of justice for a total offense level of 36.  Doggett had no criminal history points and therefore he was placed in the Criminal History Category of I.  Under the Guidelines' Sentencing Table these findings translate into a range of 188-235 months.  U.S.S.G. § 5A.

To the extent that Doggett argues *Apprendi* prohibits the trial court from determining the amount of drugs for relevant conduct purposes under the Sentencing Guidelines, this argument is rejected.  *See Meshack*, 2000 WL 1218437, *12.  The decision in *Apprendi* was specifically limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines.  *Apprendi*, 120 S.Ct. 2363-64. *Apprendi* did not affect the Supreme Court's prior holding in *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475 (1998), that the judge determines the kinds and amounts of the controlled substances when imposing sentences within the statutory range. This limited reading of *Apprendi* is in line with the approach taken by this Circuit.  *See Meshack*, 2000 WL 1218437, *12 (noting "the *Apprendi* majority expressly declined to reverse an earlier opinion allowing a judge to determine by a preponderance whether an enhancement should apply, instead limiting the case's 'holding to cases that do not involve the imposition of a sentence more

severe than the statutory maximum for the offense established by the jury's verdict.' *Id.* at 2361. n.13 (discussing *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411 (1986))"). Doggett's sentence does not violate the Sixth Amendment or his due process rights under the Fifth Amendment, as the district judge's finding of the amount of drugs merely aided him in rendering the proper sentence within the statutory range authorized by the jury's verdict.

b. *Dunois "Dee" T. Beman*

Beman, as opposed to Doggett, does benefit from *Apprendi*. As aforementioned in the discussion of Doggett's sentence, the baseline statutory penalty for any quantity of methamphetamine is in § 841(b)(1)(C). This subsection provides for an increase in the statutory penalty for individuals, such as Beman, who have a prior felony conviction. Since the Supreme Court in *Apprendi* did not overrule its decision in *Almendarez-Torres*, the sentencing court did not err by using Beman's prior convictions to enhance his sentence, even though the prior convictions were not submitted to the jury. See *Apprendi*, 120 S.Ct. at 2362-63; *Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998). Nevertheless, even considering the proper enhancement, the maximum penalty for Beman under § 841(b)(1)(C) is 30 years on each count. Because the district court sentenced Beman to two concurrent life sentences, we remand Beman's case for

resentencing consistent with this opinion.[3]

B. *Defendants-Appellants' Evidentiary and Sentencing Claims*

Defendants-Appellants' remaining claims are not meritorious and require only summary treatment.

Defendant Doggett complains of the district court's denial of admission of a defense witness' testimony.  The witness is the former landlord of an acquaintance of Doggett's named Robert Greer.  One of Doggett's defense theories at trial was that the methamphetamine laboratory discovered in his garage was in fact controlled by Greer.  The proposed witness would have testified to the slovenly state of Greer's apartment.  We review a district court's decision to admit or deny testimony for abuse of discretion.  *See United States v. Townsend*, 31 F.3d 262, 267-68 (5th Cir. 1994).  The proposed witness' information would not have been probative of Greer's involvement in the methamphetamine laboratory in Doggett's garage or in the drug manufacture or

---

[3] Similar to Doggett, Beman's base offense level was calculated at 34.  Beman received a three-level enhancement because of his two prior felony controlled substance convictions, for a total offense level of 37. Pursuant to U.S.S.G. § 4B1.1, Beman is a career offender and his Criminal History Category must be VI. Given these findings, the Guidelines' Sentencing Table proscribes a range of 360 months to life imprisonment.  U.S.S.G. §5A.  Because *Apprendi* does not affect a judge's ability to determine the quantity of drugs in formulating the appropriate sentencing range under the Guidelines, the range of 360 months to life is still applicable on remand.  However, as discussed in the body of the opinion, the sentencing judge is limited, in that the jury did not find a quantity of drugs, to a maximum sentence of 30 years on each count.

distribution trade in general.  It was not an abuse of discretion for the district court to refuse admission of the witness' testimony.

Next, Beman contends that the district court should not have admitted evidence of his prior convictions for possession with intent to distribute methamphetamine.  Again, we review this evidentiary ruling for abuse of discretion.  Because Beman pled not guilty to the conspiracy charge, his motive, intent, knowledge, and absence of mistake were in issue and the admission of evidence of extrinsic acts could therefore be warranted.  *See United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994).  The district court made a sufficient Fed.R.Evid. 404(b) finding, *see, e.g. United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996), and provided adequate limiting instructions to the jury regarding the prior convictions.  The district court did not abuse its discretion in admitting the evidence of Beman's prior convictions.

Finally, Beman and Doggett contend that the district court erred in its calculation of the quantity of methamphetamine in determining the appropriate offense level under the Sentencing Guidelines.  This Court reviews the trial court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error.  *See United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).  The district court did not clearly err in crediting

14

one expert's analysis over the other's or in accepting an eyewitness' testimony as to the amount of component material shipped to the defendants.

III. *Conclusion*

For the above reasons, Doggett's sentence is AFFIRMED and his term of supervised release is AFFIRMED AS MODIFIED. Beman's sentence is VACATED and REMANDED to the district court for further proceedings.