**UNITED STATES of America,
Plaintiff,**

v.

**Tulsi Bliss ANDERSON, (08),
Kelimana Janiga, (07), et
al., Defendants.**

**No. CR. 00–00245 DAE.**

United States District Court,
D. Hawai'i.

Nov. 22, 2000.

Thomas Muehleck, Loretta Sheehan, Assistant U.S. Attorneys, Honolulu, Hawaii, for plaintiff.

Philip H. Lowenthal, Wailuku, Hawaii, for Tulsi Bliss Anderson.

Barry Edwards, Honolulu, Hawaii, for Kelimana Janiga.

*ORDER DENYING DEFENDANT ANDERSON'S MOTION TO DISMISS COUNT ONE AND DEFENDANT JANIGA'S MOTION TO DISMISS THE INDICTMENT*

DAVID ELAN EZRA, Chief Judge.

The court heard Defendants' Motions on November 21, 2000. Assistant United States Attorney Thomas Muehleck appeared at the hearing on behalf of the United States; Philip H. Lowenthal, Esq., appeared at the hearing on behalf of Defendant Tulsi Bliss Anderson ("Defendant Anderson"); Barry D. Edwards, Esq., appeared at the hearing on behalf of Defendant Kelimana Janiga; Richard D. Gronna, Esq., appeared at the hearing on behalf of Defendant Brian Henry Fisher ("Defendant Fisher"); Dennis W. Jung, Esq., appeared at the hearing on behalf of Defendant Jerry Janiga and also on behalf of Defendant Coursen Reed Hoke ("Defendant Hoke") for Chester Kanai, Esq.; Pamela E. Tamashiro, Esq., appeared at the hearing on behalf of Defendant Janet Stewart ("Defendant Stewart") for Art Ross, Esq.; Anthony L. Ranken, Esq., appeared at the hearing on behalf of Defendant Sharon L. Rabbett ("Defendant Rabbett"); and Lono J. Lee, Esq., appeared on the brief on behalf of Defendant Gary Wayne Begley ("Defendant Begley"). After reviewing the motions and the supporting and opposing memoranda, the court DENIES Defendants' Motions to Dismiss Count One and to Dismiss the Indictment.

## BACKGROUND

The eighteen Defendants in this case have all been indicted for, among other things, knowingly and intentionally distributing and possessing with the intent to distribute one kilogram or more of heroin under Title 21, Section 841 of the United States Code. In light of the recent United States Supreme Court ruling in *Apprendi v. New Jersey,* —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Defendants now seek dismissal of their Indictment, either in whole or in part.

Defendant Anderson filed her Motion to Dismiss Count One on October 16, 2000. Defendant Jerry Janiga joined in this Motion on October 24, 2000; Defendant Fisher joined in this Motion on November 2,

2000. The United States filed its Response to Defendants' Motion to Dismiss Count One on November 6, 2000. Defendant Anderson then filed her Reply on November 15, 2000.

Defendant Kelimana Janiga also filed her Motion to Dismiss Indictment on October 16, 2000. Defendant Jerry Janiga joined in the Motion to Dismiss the Indictment on October 18, 2000. Defendant Begley filed a Statement of No Position to Defendant Kelimana Janiga's Motion to Dismiss Indictment on October 19, 2000. Defendant Fisher filed a Joinder in the Motion on October 20, 2000, and Defendant Rabbett filed a Joinder in the Motion to Dismiss on October 30, 2000. Defendant Stewart orally joined in the Motion at the hearing on November 21, 2000.

### DISCUSSION

In their Motions to Dismiss, Defendants argue that the United States Supreme Court's recent ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders Title 21, section 841 of the United States Code unconstitutional. In *Apprendi*, the United States Supreme Court examined a New Jersey statute prohibiting possession of a firearm for an unlawful purpose. The statute provided an enhanced penalty beyond the statutory maximum where a judge found by a preponderance of the evidence that the crime was racially motivated. *Apprendi*, 530 U.S. at ——, 120 S.Ct. at 2351.

The Court found that allowing a judge to determine a fact that increases the penalty beyond the statutorily prescribed maximum violates due process. *Id.* at 2362–62.

The Court therefore held that in addition to the elements of the offense, the sentencing factors found in a statute must be submitted to a jury and proved beyond a reasonable doubt where they would increase the penalty beyond the statutory maximum. *Id.* at 2362.

Prior to *Apprendi*, statutory sentencing factors generally were determined by a judge by a preponderance of the evidence, whereas the elements of an offense were submitted to a jury for a determination of proof beyond a reasonable doubt. *U.S. v. Nordby*, 225 F.3d 1053 (9th Cir.2000). The statute at issue here, for example, separates the elements of the offense, found in § 841(a), from the sentencing factors, found in § 841(b).[1] 21 U.S.C. §§ 841(a)(b). In the past, courts have uniformly treated the two sections of the statute as independent. *See e.g. Nordby*, 225 F.3d at 1060 (discussing how judge treated amount of drugs as sentencing factors under preponderance of evidence standard).

Defendants contend that *Apprendi* directs that the sentencing factors be treated as elements of the offense and proven beyond a reasonable doubt. Defendants additionally argue that the statutory structure of 21 U.S.C. § 841 is constitutionally flawed because it separates the elements of the crime from the sentencing factors. The courts cannot rewrite the statute, Defendants argue, to transform the sentencing factors into elements of the offense.[2]

■ The holding of the Supreme Court in *Apprendi v. New Jersey* does not render section 841 unconstitutional. *Apprendi*, 530 U.S. at —— n. 19, 120 S.Ct. at 2365 n. 19 (finding that when sentence enhance-

---

1. Section 841(a) lists the elements of the offense, which are knowingly or intentionally manufacturing, distributing, or dispensing, or possessing with intent to manufacture, distribute, or dispense a controlled substance or a counterfeit substance. 21 U.S.C. § 841(a). Section 841(b) lists sentencing factors for the court to take into account, including quantities of drugs possessed by a defendant. 21 U.S.C. § 841(b).

2. Defendant Anderson raises for the first time in her reply the question of whether drug quantities must be alleged in the indictment. Local Rule 7.4, however, states that "[a] reply must respond only to arguments raised in the opposition. Any arguments raised for the first time in the reply shall be disregarded." Notwithstanding the Local Rule, the court will address this issue in the Order. *See supra* n. 4.

ment could exceed statutory maximum penalty, it is treated in the same way as element of offense that must be proved beyond reasonable doubt, but not holding the statute unconstitutional). The Ninth Circuit had the opportunity to apply *Apprendi* to section 841 in *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000). In that case, a defendant was convicted of, among other things, possession with the intent to distribute marijuana. *Id.* at 1056. The district court judge concluded by a preponderance of the evidence that the defendant was responsible for 1000 or more marijuana plants. *Id.* at 1057. Based on that finding, the district court exceeded the statutory sentencing maximum and imposed a sentence of 10 years. *Id.* at 1057, 1059.

On appeal, the Ninth Circuit held that *Apprendi* applied to 21 U.S.C. § 841 and thus the sentencing factors listed in section 841(b) must be submitted to a jury for a finding of proof beyond a reasonable doubt. *Id.* at 1059. Therefore, the court found that the district court had erred in not submitting the issue of drug quantity to the jury but nevertheless imposing a sentence beyond the statutory maximum. *Id.* at 1059. The Ninth Circuit then remanded for re-sentencing within the statutory limits. *Id.*

Notably, the court applied *Apprendi* to section 841 but did not find the statute to be unconstitutional on its face. If the statute were unconstitutional on its face as Defendants claim, the Ninth Circuit could have so held in *Nordby* and vacated the

conviction sua sponte. The court's decision to remand for re-sentencing is not consistent with the notion that the statute under which the defendant was convicted is unconstitutional.

Likewise, sister circuits have found that the *Apprendi* ruling does not render the statute unconstitutional. As in *Nordby*, other circuits have ruled that *Apprendi* directs the court to submit sentencing factors to a jury for a determination of proof beyond a reasonable doubt where the sentence exceeds the statutory maximum. But this court has not found any case law, district or circuit court, that holds section 841 unconstitutional on its face based on *Apprendi* nor have the Defendants cited to this court any. *See e.g. U.S. v. Nealy*, 2000 WL 1670932 (11th Cir. Nov.7, 2000) (page references unavailable); *U.S. v. Angle*, 230 F.3d 113 (4th Cir.2000); *U.S. v. Doggett*, 230 F.3d 160 (5th Cir.2000) (page references unavailable); *U.S. v. Cavender*, 228 F.3d 792 (7th Cir.2000); *U.S. v. Aguayo–Delgado*, 220 F.3d 926 (8th Cir. 2000).

Based on the foregoing authority, this court finds that the ruling of the United States Supreme Court in *Apprendi v. New Jersey* does not render 21 U.S.C. § 841 unconstitutional.[3] This court does find, however, that in the upcoming trial, the Government will be required to prove the drug quantities relevant to sentencing beyond a reasonable doubt to the jury.[4]

Despite the lack of support for their propositions, Defendants argued in their Motion that submission of the sentencing

---

**3.** Defendants argue that if section 841(b) is unconstitutional, this court could not properly sever it from 841(a) because the statute would then lack penalties. They further assert that as a result, the entire statute must be declared unconstitutional. Because this court has found that section 841(b) is constitutional, the severability argument is moot.

**4.** Defendants argue that the indictment must allege all of the elements of the offense and also drug quantities when it is a question of fact that must be submitted to the jury. *See* Fed.R.Crim.P. 7(c)(1) (stating that indictment must include all essential facts, including ele-

ments of offense). Even though the quantity of drugs is not an essential element of the offense, the court agrees that in light of *Apprendi* drug quantities must be included in the indictment. In this case, however, the Government did allege a quantity of drugs. *See* Indictment, Criminal No. 00–00245 DAE/LEK, Filed June 14, 2000 (charging Defendants with possession and intent to distribute one kilogram or more of heroin). *See also U.S. v. Cavender*, 228 F.3d 792, 804 (7th Cir. 2000) (finding that indictment charging "multiple kilograms" of cocaine-based mixtures was sufficient to satisfy *Apprendi* ).

factors to the jury would be tantamount to judicial re-writing of a statute in which Congress intended to separate the elements of the crime from the sentencing factors. The court finds this argument lacks merit.

■ It is well established that courts should construe statutes in favor of constitutionality whenever possible. *See e.g. Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988) (stating that courts should construe statutes to avoid constitutional problems unless such construction "is plainly contrary to the intent of Congress"). In treating the section 841 sentencing factors like the elements of the offense which must be proven beyond a reasonable doubt, the court avoids finding the statute unconstitutional. In addition, Congress' intent is not thwarted by requiring proof of the sentencing factors beyond a reasonable doubt.

Congress enacted section 841 with the intent of "[penalizing] all aspects of the unauthorized use of controlled substances." *U.S. v. Palafox*, 764 F.2d 558, 560 (9th Cir.1985). Congress intentionally imposed severe penalties on defendants involved in drug trafficking; in doing so it wanted to make the price of involvement in a drug crime a high one. *Id.* at 560–61 (citing legislative history of 21 U.S.C. § 841). To declare the statute unconstitutional at this point would be to exalt the form of the statute over the content and therefore would run afoul of clear Congressional intent.

Finally, this court is not re-writing or changing the statute itself in any way as Defendants suggest. Rather, the court through this decision merely applies a new burden of proof to section 841(b) as directed by the Supreme Court in *Apprendi*. Therefore, in addition to cases from the Ninth Circuit and sister circuits which con-

tinue to apply section 841 as valid and constitutional, this court's decision is supported in three ways. First, the court's interpretation of the statute is consistent with the Supreme Court's ruling in *Apprendi*, without re-writing the statute. Second, the finding comports with Congressional intent in enacting section 841. Third, the court avoids finding the statute unconstitutional, thereby complying with the philosophy that courts should construe statutes to avoid constitutional problems.

### CONCLUSION

For the reasons stated above, the court DENIES Defendant Anderson's Motion to Dismiss Count One and DENIES Defendant Janiga's Motion to Dismiss Indictment.[5]

IT IS SO ORDERED.

---

5. Because the court has determined that section 841 is constitutional, the court need not address whether the remaining related statutes challenged by Defendant Kelimana Jani-

ga (21 U.S.C. §§ 843(b) & 846) are unconstitutional. Defendant Janiga relies on the same arguments to challenge all the statutes and the court's ruling applies equally to them.