IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50393
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRAJEDIX DAVILA-ORTEGA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1044-1-H
--------------------
December 14, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Prajedix Davila-Ortega argues that a prior felony conviction must be included in an indictment charging an illegal reentry following deportation and proven at trial if the defendant is subject to an enhanced sentence under 8 U.S.C. § 1326(b). He argues that because the element of a prior felony conviction was not included in his indictment and no evidence was presented at trial, his sentence should be vacated and the case remanded for imposition of a sentence not to exceed a maximum term of two years' imprisonment.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davila-Ortega acknowledges that in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), the Supreme Court held that a prior felony conviction under 8 U.S.C. § 1326(b)(2) was merely a sentencing factor and, thus, need not be included in the indictment.  He argues, however, that in its subsequent decision in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348, 2362 (2000), the Supreme Court stated that it was arguable that <u>Almendarez-Torres</u> was decided incorrectly.

Davila-Ortega concedes that he failed to raise this challenge in the district court.  Davila-Ortega's challenge to the length of the sentence imposed is reviewed for plain error. <u>See</u> <u>United States v. Meshack</u>, 225 F.3d 556, 575 (5th Cir. 2000).

In light of the clear precedent of <u>Almendarez-Torres</u>, Davila-Ortega has failed to show that the district court committed error, plain or otherwise, in imposing his sentence. <u>See</u> <u>United States v. Dabeit</u>,___ F.3d __ (5th Cir., Oct. 30, 2000, No. 00-10065) 2000 WL 1634264 at *4; <u>United States v. Doggett</u>, 230 F.3d 160, 166 (5th Cir. 2000).  The judgment of the district court is thus AFFIRMED.