IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50202
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS E. HEMPFLING, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-202-1-FB
--------------------
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Thomas Hempfling ("Hempfling") was convicted of conspiracy to manufacture and distribute in excess of 500 grams of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, aiding and abetting and manufacture of in excess of 50 grams of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and aiding and abetting and possession of a listed chemical with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(1) and 18 U.S.C. § 2.  He argues

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that (1) his sentence was unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and (2) permitting the testimony of a witness who received a favorable plea agreement in exchange for his testimony violated 18 U.S.C. § 201(b)(3).

Hempfling did not raise his arguments before the district court. Accordingly, review is for plain error. <u>See</u> <u>United States v. Meshack</u>, 225 F.3d 556, 575 (5th Cir. 2000), <u>cert. denied</u>, ___ S. Ct.___ (U.S. Jan. 8, 2001), 2001 WL 13025; <u>United States v. Haese</u>, 162 F.3d 359, 366 (5th Cir. 1998).

The district court committed no errors, plain or otherwise. Hempfling's sentence was not unconstitutional in light of <u>Apprendi</u>. <u>See</u> <u>United States v. Doggett</u>, 230 F.3d 160, 165-66 (5th Cir. 2000), <u>petition for cert. filed</u>, (U.S. Jan. 4, 2001)(No. 00-7819). Permitting the testimony of a witness who received a favorable plea agreement in exchange for his testimony did not violate 18 U.S.C. § 201(b)(3). <u>See</u> <u>United States v. Haese</u>, 162 F.3d 359, 366-68 (5th Cir. 1998). The judgment of the district court is AFFIRMED.