IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 00-50419
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL MOLINA-SANTILLAN,

Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1561-1-H
--------------------
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gabriel Molina-Santillan argues that 8 U.S.C. § 1326(b) was unconstitutionally applied at his sentencing because he received an enhanced sentence based on a prior conviction that was not alleged in his indictment, which deprived him of his Sixth Amendment right to a jury trial on all the elements of his offense. Molina also argues that the sentence imposed violated due process because it exceeded the maximum statutory penalty for the offense charged in the indictment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Molina concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). He also acknowledges that he did not raise his arguments in the district court and, thus, review for plain error is appropriate. Apprendi did not overrule Almendarez-Torres. See Apprendi, 120 S.Ct. at 2361-62 & n.15; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), petition for cert. filed, (U.S. Jan. 26, 2001)(No. 00-8299); United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), petition for cert. filed, (U.S. Jan. 4, 2001) (No. 00-7819).

As Molina's arguments for appeal are foreclosed, he has failed to show that the district court committed error, plain or otherwise, in imposing sentence. Molina's judgment of conviction is AFFIRMED.