IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20348
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD DEWAYNE RUSSELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-99-CR-37-1)
--------------------
April 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Edward Dewayne Russell appeals the sentence imposed following his conviction of conspiring to possess with the intent to distribute in excess of five kilograms of cocaine and of aiding and abetting the possession with the intent to distribute in excess of five kilograms of cocaine, all in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841, 846. Russell argues for the first time on appeal that his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 2362-63 (2000), because both the quantity of drugs involved in his offense

*   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the fact of his prior conviction were elements of the offense that the prosecution was required to allege in the indictment and prove to a jury beyond a reasonable doubt.

Russell's argument that the trial court violated Apprendi by failing to submit the factual question of drug quantity to a jury and by failing to prove that fact beyond a reasonable doubt is factually without merit. Both counts in the superseding indictment specifically alleged that Russell's offenses involved more than five kilograms of cocaine. The jury instructions also specifically stated that Russell was charged with conspiring to distribute more than five kilograms of cocaine and possession with intent to distribute more than five kilograms of cocaine. Furthermore, the jury was informed that "[t]he parties have stipulated and there is no dispute that cocaine in excess of 5 kilograms was in the cooler taken from Room 339 at the La Quinta Motel on January 7, 1999." Because the drug quantity was alleged in the indictment, stipulated by Russell, and submitted to the jury, Russell has not shown an Apprendi violation.

Russell's argument that the trial court violated Apprendi by failing to submit the factual question of his prior felony conviction to a jury and by failing to prove that fact beyond a reasonable doubt is without merit. See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001)(holding that a district court may enhance a defendant's sentence based upon a prior conviction that was not submitted to a jury without violating Apprendi).

AFFIRMED.