IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60297
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

OTTIS RAY HADDER

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:99-CR-51-1
---------------------
September 4, 2001

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ottis Ray Hadder appeals his sentence following his guilty-plea convictions for conspiracy to manufacture methamphetamine and using and carrying a firearm during a drug-trafficking crime. He argues (1) that the district court erroneously assessed a two-level enhancement under U.S.S.G. § 3B1.1(c) based on his leadership role, (2) that the district court erred in its drug-quantity determination by holding him responsible for an unmanufactured quantity of methamphetamine, and (3) that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in denying him a downward adjustment for acceptance of responsibility.

Hadder's first two issues are reviewed for plain error only because he did not raise them in the district court. See United States v. Vital, 68 F.3d 114, 118-19 (5th Cir. 1995). Although he objected to the presentence report's description of his offense conduct, he did not raise the two issues he now urges on appeal. Both of those issues involve factual findings. See United States v. Navarro, 169 F.3d 228, 234 (5th Cir. 1999); United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996). "[Q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." Vital, 68 F.3d at 119 (internal quotations and citations omitted). Accordingly, Hadder is not entitled to appellate relief on his first two issues. See United States v. Fierro, 38 F.3d 761, 773 n.4, 774 (5th Cir. 1994); United States v. Sparks, 2 F.3d 574, 589 (5th Cir. 1993).

Within the context of his second issue, Hadder states, without further argument or development, that Apprendi v. New Jersey, 530 U.S. 466 (2000) makes it constitutionally impermissible to establish drug quantity under a mere preponderance-of-the-evidence standard. No Apprendi error is present in this case given that Hadder's conviction for conspiracy to manufacture methamphetamine resulted in a 144-month term of imprisonment and a 10-year term of supervised release. Both of those terms were authorized by 21 U.S.C. § 841(b)(1)(C), which is the baseline statutory penalty for any quantity of

methamphetamine.  See United States v. Doggett, 230 F.3d 160, 165-66 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001); see also 21 U.S.C. § 841(b)(1)(C)(authorizing imprisonment term "of not more than 30 years" and supervised-release term "of at least 6 years" for a defendant, like Hadder, who has a prior conviction for a felony drug offense).

Hadder's third issue is also unavailing.  Given his repeated denials of guilt, the district court did not err in denying him a downward adjustment for acceptance of responsibility.  See United States v. Dean, 59 F.3d 1479, 1496 (5th Cir. 1995).  Accordingly, the district court's judgment is AFFIRMED.