IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30077
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT JAY MOUTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-20030-8
--------------------
September 4, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

    Robert Jay Mouton appeals the sentence imposed following his guilty-plea conviction for distribution of cocaine base in violation of 21 U.S.C. § 841.  The district court's application of the sentencing guidelines is reviewed _de novo_ and its factual findings are reviewed for clear error.  See United States v. Mitchell, 166 F.3d 748, 751 (5th Cir. 1999).

    Mouton argues that the consideration of additional drug amounts not alleged in the indictment or proven beyond a reasonable doubt led to an increase in his sentence in violation

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Mouton pleaded guilty pursuant to 21 U.S.C. § 841(b)(1)(C), which provides for a maximum penalty of 20 years' imprisonment; Mouton was sentenced to only 188 months' imprisonment. Even if no drug amount had been alleged in the indictment, a sentence which is less than the statutory maximum provided by 28 U.S.C. § 841(b)(1)(C), the "baseline" subsection, which does not specify any particular drug amount, does not violate <u>Apprendi</u>. <u>See</u> <u>United States v. Doggett</u>, 230 F.3d 160, 165 (5th Cir. 2000), <u>cert. denied</u>, 121 S.Ct. 1152 (2001). We have also held that "[f]actual determinations made by a district court, based on a preponderance of the evidence, concerning drug amounts that simply dictate a sentence within the statutorily allowed range are not called into question by <u>Apprendi</u>." <u>United States v. Miranda</u>, 248 F.3d 434, 444 (5th Cir. 2001).

Mouton also argues that the district court's factual findings regarding additional drug amounts were "clearly erroneous." Factual findings are not clearly erroneous so long as they are "plausible in light of the record read as a whole." <u>United States v. Whitlow</u>, 979 F.2d 1008, 1011 (5th Cir. 1992). Based on our review of the record, no error, clear or otherwise, was made by the district court.

AFFIRMED.