IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51302
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS DIAZ-ANDRADE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-190-1
--------------------
September 19, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesus Diaz-Andrade appeals his conviction for conspiracy to possess with intent to distribute and possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846. Diaz-Andrade argues that the district court plainly erred by failing to instruct the jury that the Government must prove beyond a reasonable doubt that Diaz-Andrade knew the substance he possessed was more than 100 kilograms of marijuana. However, Diaz-Andrade stipulated that the contents of the backpacks

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recovered near where Diaz-Andrade was arrested contained approximately 257 pounds of marijuana, and the indictment alleged that he was guilty of drug trafficking crimes involving more than 100 kilograms of marijuana.  Because the two counts of the indictment alleged (and Diaz-Andrade stipulated to) drug amounts that correspond to sentences based on § 841(b)(1)(B), there is no violation of the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001).

Moreover, review of the jury charge in this case reveals no error, plain or otherwise.  The jury was instructed adequately with regard to the knowledge element of the crimes charged. See United States v. Green, 246 F.3d 433, 437 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.