IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60120
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER RAGINS, also known as Turk,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:00-CR-139-9-D
--------------------
November 12, 2002

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Christopher Ragins appeals his convictions for distributing cocaine base (crack), conspiring to distribute crack, and possession with intent to distribute crack and marijuana. We affirm.

Ragins contends that the district court erred by denying his FED. R. CRIM. P. 29 motion for a judgment of acquittal, which he made after the Government rested its case. He made this motion relative to the conspiracy count only, and he failed to renew the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion after he presented his case and the evidence was closed. He filed such a motion relative to all four counts of which he was convicted, after the jury returned its verdict, as authorized by Rule 29(c).  However, the motion had no legal effect because it was untimely.  See Carlisle v. United States, 517 U.S. 416, 419-33 (1996).  "Where a defendant fails to renew his [Rule 29] motion at the close of all the evidence, after defense evidence has been presented, he waives his objection to the earlier denial of his motion."  United States v. Daniel, 957 F.2d 162, 164 (5th Cir. 1992).  Accordingly, Ragins has no right to complain because the district court did not grant Rule 29 relief relative to any of his convictions.

Ragins's basic contention is that the evidence was insufficient to establish his guilt beyond a reasonable doubt. His "failure to argue the correct standard of review on appeal does not . . . prevent [this court] from measuring the argument against the appropriate standard of review."  United States v. Pierre, 958 F.2d 1304, 1311 n.1 (5th Cir. 1992) (en banc).

Because Ragins failed to file a valid Rule 29 motion relative to these two convictions, Ragins's sufficiency claim is reviewable only for plain error.  United States v. Parker, 133 F.3d 322, 328 (5th Cir. 1998).  Under the plain-error standard, this court will reverse only if there is a manifest miscarriage of justice.  Id.  A miscarriage of justice exists only when the record is devoid of evidence pointing to guilt or

when the evidence on a key element of the offense is so tenuous that a conviction would be shocking. Pierre, 958 F.2d at 1310.

Ragins contends that the evidence was insufficient to prove that he had constructive possession of the crack and marijuana found in the trunk of an inoperative automobile which was parked in the backyard of a residence owned by his mother. However, there was evidence that he owned and controlled the vehicle, and that he regularly sold crack which he retrieved from its trunk. Witnesses also testified that he used the residence as his base for drug-trafficking. There is ample evidence to support Ragins's convictions of possessing crack and marijuana with intent to distribute. See United States v. Wright, 24 F.3d 732, 734 (5th Cir. 1994).

Ragins further contends that there was insufficient evidence to support his conviction for conspiracy to distribute crack. There is no merit in his argument that the evidence established nothing more than individual distributions of crack to several of the government witnesses. See United States v. Peters, 283 F.3d 300, 307 (5th Cir.), cert. denied, 122 S. Ct. 1949, 2612 (2002).

Finally, Ragins is not entitled to relief on authority of Apprendi v. New Jersey, 530 U.S. 466 (2000), because his "sentence was not enhanced beyond the statutory maximum by a factor not contained in the indictment or submitted to the jury." United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000).

AFFIRMED.