United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11154
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY D. STEPTOE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-57-1
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Anthony D. Steptoe appeals his guilty-plea conviction and

sentence for possessing with the intent to distribute cocaine

base and possessing a controlled substance within 1000 feet of a

playground. Steptoe argues that 21 U.S.C. § 841 was rendered

facially unconstitutional by Apprendi v. New Jersey, 530 U.S.

466, 490 (2000). Steptoe also argues that the district court

improperly enhanced his sentence under 21 U.S.C. §§ 841(b)(1)(C)

and 851(c) based on prior convictions that were not alleged in

his indictment. Steptoe concedes that his arguments are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

foreclosed.  He raises the issues to preserve them for possible Supreme Court review.

In Apprendi, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  This court has rejected the argument that Apprendi rendered 21 U.S.C. § 841 facially unconstitutional.  United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).  Steptoe's challenge to the constitutionality of that statute is without merit.

In Almendarez-Torres v. United States, 523 U.S. 224, 228-47 (1998), the Supreme Court held that sentencing enhancements based on prior convictions need not be alleged in an indictment and proved beyond a reasonable doubt.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 490; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  The district court did not err by enhancing Steptoe's sentence under 21 U.S.C. §§ 841(b) and 851(c) based on his prior convictions.  See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000).

Because Steptoe's arguments are foreclosed, the Government has filed a motion requesting leave to forego filing an appellee's brief.  The motion is GRANTED.  The judgment of the district court is affirmed.

AFFIRMED; MOTION GRANTED.