United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21012
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BUICHECU THOMAS TAIWO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-81-12
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Buichecu Thomas Taiwo appeals his conviction and sentence
following his guilty plea for conspiracy to commit bank fraud and
for bank fraud. Relying on Apprendi v. New Jersey, 530 U.S. 466
(2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004), Taiwo
argues that his guilty plea, which included a waiver-of-appeal
provision, was involuntary because the district court did not
inform him that the amount of the intended loss, to which he did
not admit, as well as his role in the offense, were essential

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

elements that the Government had to prove beyond a reasonable doubt.

Taiwo was rearraigned before <u>Blakely</u> was decided.  Further, this court has determined that <u>Blakely</u> does not apply to the Guidelines.  <u>See</u> <u>United States v. Pineiro</u>, 377 F.3d 464, 465-66 (5th Cir. 2004), <u>pet. for cert. filed</u> (U.S. July 14, 2004)(No. 04-5263).  Moreover, because Taiwo was not sentenced above the statutory maximum, his reliance on <u>Apprendi</u> is misplaced.  <u>See</u> <u>United States v. Doggett</u>, 230 F.3d 160, 166 (5th Cir. 2000).  Thus, the district court was under no duty under Rule 11 to advise Taiwo that he had a right to a jury trial on the amount of intended loss or his role in the offense inasmuch as those were factors that increased his sentence under the Guidelines.  <u>See</u> <u>Pineiro</u>, 377 F.3d at 465-66.  Further, Taiwo has shown no defect in his indictment on the basis that it did not charge as elements of his offense those factors that enhanced his sentence.  <u>See</u> <u>id.</u>

AFFIRMED.