IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30623
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE CLARK,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-77-ALL
---------------------
February 12, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

George Clark appeals from his conviction of one count of distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1). Clark argues that the evidence was insufficient to support his conviction because the Government failed to provide credible evidence. Clark primarily attacks the credibility of a paid Government informant's testimony. After a review of the record, we find that the evidence was sufficient to support the conviction. See United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994).

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Clark also argues that the district court erred by imposing an overlong term of supervised release in excess of the statutory maximum for the charged offense. The drug quantity attributable to Clark was not specified in the indictment or submitted to the jury to determine as a separate element. The Government concedes that our prior decisions require modification of Clark's supervised release term. We find that Clark's four-year term of supervised release exceeds the statutory maximum of three years. See Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-68 (2000); United States v. Doggett, 230 F.3d 160, 162 (5th Cir. 2000). We therefore modify Clark's supervised release to the statutorily mandated three-year term. See Doggett, 230 F.3d at 165 n.2.

AFFIRMED AS MODIFIED.