IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50134
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL CORTEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-192-ALL-FB
- - - - - - - - - -
February 15, 2001

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:[*]

Raul Cortez appeals his conviction and sentence following his guilty-plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Cortez argues that the waiver-of-appeal provision in his plea agreement should not be enforced and that the district court failed to comply with FED. R. CRIM. P. 11(d) and (e) at rearraignment. He asserts that he should not have been sentenced as a career offender, and he contends that the failure to allege drug quantity and the sentencing enhancements in the indictment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutes plain error under <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000).

We pretermit the waiver-of-appeal issue in light of <u>United States v. Robinson</u>, 187 F.3d 516 (5th Cir. 1999), and address the merits of Cortez's claims.  The plea agreement was disclosed and discussed at rearraignment, and the district court confirmed that the agreement resulted from prior discussions between the parties.  Therefore, the district court complied with FED. R. CRIM. P. 11(d) and (e).

We review *de novo* the district court's finding that Cortez's two prior convictions for possession with intent to distribute marihuana were unrelated and thus justified imposition of the career offender enhancement under U.S.S.G. § 4B1.1.  <u>United States v. Ford</u>, 996 F.2d 83, 85 (5th Cir. 1993).  Cortez contends that his prior convictions were related because they were part of a "common scheme or plan."  Cortez was convicted in North Carolina for his involvement with a shipment of 175 pounds of marihuana from Texas to North Carolina in 1988.  He was convicted in Texas in 1989 after he was found at a residence containing approximately 1,800 pounds of marihuana.  Although Cortez contends that the marihuana was coming from the same source in Mexico and was traveling through the same channels to North Carolina, the evidence at sentencing established that the large amounts of marihuana stored in Texas were shipped to areas other than North Carolina.

Similar crimes are not necessarily related.  <u>See</u> <u>United States v. Robinson</u>, 187 F.3d 516, 519 (5th Cir. 1999).  Cortez's

contention that his prior convictions were related is without merit because there is no evidence that the offenses were jointly planned or that it was evident that the commission of one would entail the commission of the other. See id. at 520; United States v. Ford, 996 F.2d 83, 86 (5th Cir. 1993).

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 120 S. Ct. at 2362-63. To the extent that Cortez's sentence enhancements were based on prior convictions, this is specifically excluded by Apprendi. Additionally, Cortez's indictment and plea agreement indicated a drug quantity, and his sentence did not exceed the statutory maximum prescribed for his cocaine offense without reference to a drug quantity. Therefore, there was no error, plain or otherwise. See United States v. Doggett, 230 F.3d 160 (5th Cir. 2000).

AFFIRMED.