IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50798
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MONTGOMERY ALLEN WILLIAMSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-492-1-DB
--------------------
March 12, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Appellant Williamson plead guilty to possession of marijuana
with intent to distribute, in violation of 21 U.S.C. § 841(a)(1),
and importation of marijuana, in violation of 21 U.S.C. § 952(a).
Because Williamson had a prior felony drug conviction the
statutory maximum sentences for the possession and importation
offenses was 10 years' imprisonment. *See* 21 U.S.C. §§
841(b)(1)(D), 960(b)(4) and 962.  Absent the felony drug
conviction, offenses involving less than 50 kilograms of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

marijuana carry a statutory maximum sentence of 5 years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(D), 960(b)(4). The prescribed range under the Federal Sentencing Guidelines was 77-96 months' imprisonment. The district court sentenced Williamson to two concurrent terms of 87 months' imprisonment.

Williamson's indictment did not allege that he had a prior felony drug conviction. Williamson contends that a prior felony drug conviction, because its raises the statutory maximum sentence, is an element of the enhanced drug offenses. *See Apprendi v. United States*, 120 S.Ct. 2348, 2359 n.10 (2000) ("[F]acts that expose a defendant to a punishment greater than that otherwise legally prescribed [are] by definition 'elements' of a separate legal offense."). Therefore, his 87-month sentences, which exceed the five-year maximum for the offenses alleged in the indictment, violate due process. Williamson acknowledges that his argument is foreclosed by the Supreme Court's ruling in *Almendarez-Torres v. United States* that the fact of a prior conviction is not an element of the offense, even if it increases the statutory maximum. 523 U.S. 224 (1998). Williamson brings this claim because of the doubt cast on *Almendarez-Torres*' holding in *Apprendi*. *See Apprendi*, 120 S.Ct. at 2362 (finding it "arguable that *Almendarez-Torres* was incorrectly decided").

Despite this uncertainty, Williamson also concedes that our controlling caselaw dictates an affirmance of his sentence. *See*

*United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000) (*Almendarez-Torres* stills controls prior conviction enhancements under 21 U.S.C. § 841); *United States v. Dabeit*, 231 F.2d 979, 984 (5th Cir. 2000)(affirming that *Almendarez-Torres* is still controlling law), *cert. denied,* 2001 U.S. Lexis 1889 (U.S. Feb. 26, 2001) (No. 00-8299). Williamson brings this appeal merely to preserve the issue for possible Supreme Court review. Accordingly, the Government's motion for summary affirmance is granted and the judgment of the district court is AFFIRMED.[1]

---

[1] Even if *Almendarez-Torres* is overturned, it is questionable whether Williamson would receive any practical relief. His applicable sentencing guideline range will remain 77-96 months' imprisonment. *See Doggett*, 230 F.3d at 166 n.3 ("*Apprendi* does not affect [judicial determinations] in formulating the appropriate sentencing range under the Guidelines"). Within that prescribed range, the district court determined the appropriate punishment to be 87 months' imprisonment. While the statutory maximum on each count will be lowered from 10 years' to 5 years' imprisonment, §5G1.2 of the Guidelines, governing sentencing on multiple counts of conviction, would require the sentences to be run consecutively to the extent necessary to achieve the "total punishment" of 87 months' imprisonment.