IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20138
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAYMOND DELEON ALUISO, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-176-4
--------------------
April 6, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     The attorney appointed to represent Raymond DeLeon Aluiso,
Jr. ("Aluiso") has moved for leave to withdraw and has filed a
brief as required by <u>Anders v. California</u>, 386 U.S. 738 (1967).
Aluiso has filed a response.

     Our independent review of the appellate record and of the
possible issues raised by counsel and by Aluiso reveals no
nonfrivolous issues.  We separately address the following issue
raised by Aluiso.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Aluiso contends that his sentence is illegal in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). This court held, in light of Apprendi, "that if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt."  United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001). This court specifically concluded that failure to state the quantity of drugs in the indictment limited the term of supervised release to a maximum of three years, under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(b)(2).  See id. at 165 n.2.

Aluiso argues that the Government's failure to allege drug quantity in his indictment should have limited the supervised release portions of his sentence to a maximum term of three years.  Because he did not raise his argument before the district court, review is for plain error.  See United States v. Meshack, 225 F.3d 556, 577 (5th Cir. 2000), cert. denied, 121 S. Ct. 834 (2001).  Under plain-error review, this court may address the issue only if (1) there is an error, (2) the error is clear or obvious, and (3) the error affects substantial rights.  See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). "[I]n most cases the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding."  Calverley, 37 F.3d at 164.  If the above conditions are satisfied, the court may correct the error, but only if it

"seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (alteration in original) (internal quotation marks and citations omitted).

The district court erred in imposing supervised release terms in excess of three years with respect to Counts Four and Five of the indictment. The district court sentenced Aluiso, pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), to concurrent terms of five years' supervised release on Counts Four and Five. The Government failed to allege the amount of drugs in Counts Four and Five.

The district court did not, however, commit plain error in imposing supervised release terms in excess of three years with respect to Counts Four and Five of the indictment. The "affects substantial rights" element of the plain error test "generally requires the defendant to establish prejudice." Meshack, 225 F.3d at 577. The Government stated a quantity of drugs in Count Six. The district court did not err in imposing a term of five years' supervised release on that count. See Doggett, 230 F.3d at 165 n.2. Because Aluiso would still be required to serve five years' supervised release under Count Six, he cannot show that the district court's errors prejudiced him. See Meshack, 225 F.3d at 577.

The motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. See 5TH CIR. R. 42.2.