IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50333
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARRY DAN WILLS,
also known as Gary Wills,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CR-64-6
--------------------
October 15, 2001

Before JOLLY, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Relying on <u>Apprendi v. New Jersey</u>[**], Garry Dan Wills argues
that the failure to allege a drug quantity in the superseding
information charging him with possession with intent to
distribute methamphetamine should have resulted in his being
sentenced based only on the quantity of drugs stated in the
factual basis supporting his guilty plea.

Wills' 48-month sentence and three-year term of supervised
release did not exceed the maximum statutory penalty for an

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[**] 530 U.S. 466 (2000).

offense involving less than 5 grams of methamphetamine, and, thus, Wills is not entitled to have the case dismissed or to be resentenced. See 21 U.S.C. § 841(b)(1)(C); United States v. Doggett, 230 F.3d 160, 164-66 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001).

Wills argues that the information in the presentence report did not have the indicia of reliability necessary to support the sentence imposed by the district court. The Government moves to dismiss Wills' challenge to his sentence, arguing that he waived his right to appeal his sentence in his plea agreement.

Before accepting Wills' guilty plea, the district court addressed Wills and determined that he understood and accepted the waiver-of-appeal provision in his plea agreement. See Fed. R. Crim. P. 11(c)(6); United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999). Because the record reflects that Wills knowingly and voluntarily waived his right to appeal his sentence, he is bound by the waiver and cannot challenge his sentence on appeal. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). The Government's motion to dismiss this appeal as it relates to Wills' challenges to his sentence is GRANTED.

Wills' argument that the Government breached the plea agreement by failing to file a motion for downward departure is without merit because the Government retained the discretion to file the motion, and Wills has not alleged that the failure to file the motion was the result of an unconstitutional motive on

the Government's part.  See <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992).  Wills' conviction and sentence are AFFIRMED.