IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60117
Conference Calendar
_____

MICHAEL GEROME WESTON,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-12-WS
--------------------
December 11, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Gerome Weston, Mississippi prisoner # 04120-043, challenges the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he asserted that counsel had been ineffective at sentencing and that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court determined that it lacked subject-matter jurisdiction under 28 U.S.C. § 2241 because Weston challenged the validity of his sentence rather than the manner in which it was being executed but had not demonstrated that relief under 28 U.S.C. § 2255 was inadequate.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Weston argues that dismissal was error and that his claims were properly brought under 28 U.S.C. § 2241 because Apprendi had not been decided at the time he filed his 28 U.S.C. § 2255 motion and because he cannot meet the requirements for filing a successive 28 U.S.C. § 2255 motion. His arguments are unconvincing.

As the district court determined, 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Although Weston may pursue 28 U.S.C. § 2241 relief upon a showing that relief under 28 U.S.C. § 2255 is inadequate, he has failed to make such a showing. The fact that Weston cannot meet the requirements for filing a successive 28 U.S.C. § 2255 motion is insufficient. See id. at 878. Additionally, Weston does not present a prima facie Apprendi claim because the 176-month sentence he received does not exceed the 20-year statutory maximum for a cocaine-base-distribution offense involving unaggravated drug quantities. See 21 U.S.C. § 841(b)(1)(C) (West Supp. 2000). Apprendi thus does not apply. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001). That being so, this court will not address the remainder of Weston's arguments.

Weston has not demonstrated any error in the district court's judgment, and the judgment is AFFIRMED. Weston's motion to amend his § 28 U.S.C. § 2241 petition to supplement his

Apprendi claim and his motion to supplement his reply brief are
DENIED.

JUDGMENT AFFIRMED; MOTIONS DENIED.