IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50604
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO PEREGRINO-LUJAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-141-ALL-H
--------------------
January 8, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges:

PER CURIAM:[*]

Antonio Peregrino-Lujan appeals his 120 month sentence following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. Peregrino contends that the district court erred in applying a two-level increase to his base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and in denying him a reduction in his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. He also contends that the aggravated-felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

The increase for obstruction of justice stemmed from false information that was provided in support of a motion for downward departure following preparation of the presentence report. The district court's finding that Peregrino willfully obstructed justice in connection with the motion is plausible in light of the record as a whole and is not clearly erroneous. *United States v. Powers*, 168 F.3d 741, 752 (5th Cir.), *cert. denied*, 528 U.S. 945 (1999). Further, Peregrino fails to demonstrate extraordinary circumstances warranting credit for acceptance of responsibility in light of the district court's finding of obstruction of justice. *United States v. Lujan-Sauceda*, 187 F.3d 451, 451-52 (5th Cir. 1999); § 3E1.1, comment. (n.4).

Peregrino acknowledges that his second argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi,* 120 S.Ct. at 2362; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1214

2

(2001); *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1152 (2001).  Peregrino's argument is foreclosed.

The judgment of the district court is AFFIRMED.