IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-20162
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NEMESIA MORONTA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-43
USDC No. H-99-CR-463-2
--------------------
January 10, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Nemesia Moronta, federal inmate # 83914-079, seeks a certificate of appealability (COA) in her appeal from the dismissal of her motion to vacate her sentence pursuant to 28 U.S.C. § 2255. A COA may be issued only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If the district court's dismissal is on the merits, "[t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (§ 2254 petition).

Moronta argues that the district court erred when it determined that she waived the right to appeal her sentence on the grounds of ineffective assistance of counsel she asserted in her § 2255 motion. Because Moronta's plea agreement explicitly states that she did not waive claims of ineffective assistance of counsel in § 2255 motions, a COA is GRANTED on this issue, the district court's denial of § 2255 relief on this claim is VACATED, and the case is REMANDED for further proceedings on this claim.

Moronta argues the merits of her ineffective assistance of counsel claims. Moronta also argues that the district court did not satisfy its duty, under Article III of the Constitution, to try all crimes by jury. And, she argues that the district court failed to advise her of her right to appeal her conviction and sentence. Because the district court did not rule on the merits of Moronta's claims of ineffective assistance, or on the other two issues, this court lacks jurisdiction to review them. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). A COA is DENIED as to these issues.

Moronta argues that the indictment against her is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). Because Moronta was sentenced to 57 months of imprisonment, below the 40-year statutory maximum that she faced, Apprendi is inapplicable. See United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001). A COA is DENIED on this issue.

COA GRANTED, VACATE AND REMAND, IN PART; COA DENIED IN PART.