IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-30297

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

PIERRE PARSEE,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(00-CV-1307-E)

---

January 14, 2002

Before POLITZ, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

　　The district court granted a certificate of appealability from its dismissal of appellant Pierre Parsee's *pro se* 28 U.S.C. § 2255 motion on Parsee's *Apprendi* claim. Parsee challenges the constitutionality of his 360-month prison term and of 21 U.S.C. § 841 under *Apprendi v. New Jersey*.[1]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 530 U.S. 466 (2000).

We need not decide whether *Apprendi* applies retroactively on collateral review, or whether Parsee's *Apprendi* claim is procedurally defaulted for failure to raise it on direct review, because there is no *Apprendi* error in Parsee's prison term. "Since the Supreme Court in *Apprendi* did not overrule its decision in *Almendarez-Torres*, the sentencing court did not err by using [Parsee's] prior conviction[] to enhance his sentence, even though the prior conviction[] were not submitted to the jury."[2] Furthermore, although no drug quantity was pled in Parsee's indictment or submitted for determination by the jury, Parsee was sentenced to 360 months imprisonment, which is equal to the statutory maximum of 30 years prescribed by 21 U.S.C. § 841(b)(1)(C) for a convicted drug felon, the default provision where no specific quantity is alleged.[3]

Parsee failed to raise his constitutional challenge to 21 U.S.C. § 841 in his section 2255 motion in the district court, and we therefore cannot consider it.[4] Moreover, even assuming this claim is not barred by Parsee's failure to raise the claim in his section 2255 motion, by the rule of *Teague v. Lane*,[5] or by Parsee's

---

[2] *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000).

[3] *See id.* at 165.

[4] *See Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir.), *cert. denied*, 122 S. Ct. 329 (2001).

[5] 489 U.S. 288 (1989).

failure to raise the issue on direct review, the claim is without merit because we have previously rejected such a facial challenge to the constitutionality of section 841(b) in light of *Apprendi*.[6]

AFFIRMED.

---

[6] *See United States v. Fort*, 248 F.3d 475, 482-83 (5th Cir.), *cert. denied*, 122 S. Ct. 405 (2001); *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 2015 (2001).