IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40691
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMON RODRIGUEZ CLARK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2-01-CV-41-DF
USDC No. 2:94-CR-1-3
--------------------
July 25, 2002

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Jermon Rodriguez Clark, a federal prisoner (# 04709-078), appeals from the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his 1995 guilty-plea conviction and sentence for a carjacking resulting in death, a violation of 18 U.S.C. § 2119(3). The district court granted Clark a certificate of appealability ("COA") on the issue whether Jones v. United States, 526 U.S. 227 (1999), and Apprendi v. New Jersey, 530 U.S. 466 (2000), can be applied retroactively to Clark's claim.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his 28 U.S.C. § 2255 motion, Clark argued that his conviction and sentence were unconstitutional in that, at his guilty-plea hearing, the district court failed to recite, as an element of the offense, that the offense resulted in the death of the victim. The district court concluded that Clark's motion to vacate was time-barred because, even if it had been filed within one year after Apprendi was issued, Apprendi did not retroactively apply to cases on collateral review. See 28 U.S.C. § 2255, third paragraph of limitation provision.

Even if it is assumed *arguendo* that Apprendi applies retroactively, Clark has not established that his carjacking conviction and his 540-month prison term violated the Due Process Clause. Clark's indictment charged that the carjacking offense resulted in the death of the victim and that he was subject to a term of life imprisonment under 18 U.S.C. § 2119(3). At his plea proceeding, the court recited the indictment charge, including the reference to the victim's death, and reiterated that Clark faced a prison term of life. The Government's recitation of the factual basis for Clark's plea and Clark's own testimony regarding that factual basis reflected that the death of the victim was central to his conviction. Because these factors were sufficient to apprise Clark of the applicability and effect of 18 U.S.C. § 2119(3), Clark's 540-month sentence did not exceed the statutory maximum and no violation of the Apprendi principle occurred. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001).

Accordingly, we need not reach the question on which the district court granted COA. The district court's order dismissing Clark's 28 U.S.C. § 2255 motion to vacate is AFFIRMED.