IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40940
Conference Calendar
_____


TOMMIE ANDERSON,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-35
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Tommie Anderson, federal prisoner #24492-034, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction.  Anderson argues that his indictment was defective under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Jones v. United States, 526 U.S. 227 (1999), and that he should be able to proceed under the "savings clause" of 28 U.S.C. § 2255.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Anderson must show that his remedy under 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his detention. See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). Specifically, he must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and that the claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first 28 U.S.C. § 2255 motion." Id. at 904.

Anderson was sentenced to 188 months' imprisonment, which is not above the maximum statutory range for an offense involving an undetermined amount of cocaine base. See 21 U.S.C. § 841(b)(1)(C). His sentence of imprisonment was thus not in violation of Apprendi or Jones. See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001). His argument that Apprendi rendered the federal drug statutes unconstitutional is without merit. See United States v. Fort, 248 F.3d 475, 482-83 (5th Cir.), cert. denied, 122 S. Ct. 405 (2001). Accordingly, the district court did not err in determining that Anderson could not bring his claims under the savings clause of 28 U.S.C. § 2255.

AFFIRMED.