IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20091
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE IGLESIAS-VASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-623-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jorge Iglesias-Vasquez ("Iglesias") appeals the 70-month sentence imposed following his guilty plea to a charge of illegal re-entry after having been deported following a felony conviction in violation of 8 U.S.C. § 1326. Iglesias argues that a sixteen-level sentence enhancement for being deported following a 1994 aggravated felony was improper under the reasoning of Apprendi v. New Jersey, 530 U.S. 466 (2000), because the aggravated felony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not alleged in the indictment and the factual basis for his guilty plea was a 1992 felony conviction.  Iglesias argues that sentencing facts that increase the Sentencing Guideline range must be alleged in the indictment.  He acknowledges that his argument is foreclosed by United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. denied, 531 U.S. 1177 (2001), but he seeks to preserve the issue for Supreme Court review. Iglesias's argument is foreclosed by Doggett.

Iglesias suggests that the reasoning of Doggett and United States v. Meshack, 225 F.3d 556 (5th Cir. 2000), amended on reh'g, 244 F.3d 367 (5th Cir. 2001), cert. denied, 531 U.S. 1100 (2001), may be suspect because in Harris v. United States, 122 S. Ct. 2406 (2002), the Supreme Court was recently called upon to reconsider McMillan v. Pennsylvania, 477 U.S. 79 (1986).  Harris did not overrule McMillan, however.  See Harris, 122 S. Ct. at 2418, 2420.

Iglesias also argues that the sentencing provision of 8 U.S.C. § 1326(b)(2) is unconstitutional in light of Apprendi.  He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme

Court itself determines to overrule it."  Dabeit, 231 F.3d at 984

(internal quotation and citation omitted).

AFFIRMED.