IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40935
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

OSCAR JAVIER GUEVARA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-64-ALL
--------------------
January 14, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Oscar Javier Guevara appeals his conviction and his 240-month

sentence for possession with intent to distribute cocaine and

marijuana.  Guevara contends that the Government did not produce

evidence sufficient to establish that he had knowledge that the

trailer contained cocaine and marijuana.  Guevara challenges his

sentence under Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the record to determine "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). We view the evidence "in the light most favorable to the government," and we draw all reasonable inferences and make all credibility choices in support of the verdict. Id.

Guevara's reliance on his demeanor at the checkpoint to demonstrate a lack of knowledge is unavailing. We have held that both nervousness and the lack of nervousness can lead the jury to infer knowledge of contraband. See United States v. Garcia-Flores, 246 F.3d 451, 454 (5th Cir. 2001).

The evidence showed that Guevara produced an unsigned bill of lading that named a shipper and a receiver located at addresses that did not exist. Guevara, a driver with about six years' experience, testified that he accepted an unsecured load from a total stranger. The evidence showed that the trucking industry's practice is for drivers to require a seal or some other form of security on a trailer. Furthermore, a jury may infer a defendant's guilty knowledge based on the quantity of drugs. See Garcia-Flores, 246 F.3d at 455. The evidence was sufficient to establish that Guevara had knowledge of the marijuana and cocaine in the trailer and to convict him of possession with intent to distribute marijuana and cocaine.

Guevara contends that the district court's use of a 194-pound quantity of cocaine provided in the presentence report to determine his sentence violated Apprendi, 530 U.S. at 490. He asserts that the parties stipulated that the cocaine quantity was 120 pounds.

The parties stipulated that the gross weight of the cocaine was 123 kilograms. The presentence report established the net weight of the cocaine to be 194 pounds, or 87.94 kilograms. At sentencing, Guevara conceded that the cocaine quantity provided by the presentence report was correct.

Guevara's sentence does not implicate the concerns addressed by Apprendi, 530 U.S. at 490. His sentence does not exceed the statutory maximum sentence authorized in 21 U.S.C. § 841(b)(1)(A). United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000). The judgment of the district court is AFFIRMED.