United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-21171
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO FLORES-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-92-1
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sergio Flores-Garcia appeals from his guilty-plea conviction to one count of conspiring to transport undocumented aliens, three counts of transporting undocumented aliens for the purpose of commercial advantage, one count of inducing undocumented aliens into the United States for the purpose of commercial advantage, and one count of concealing or harboring undocumented aliens for the purpose of commercial advantage, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), (iv), and (v)(I). For the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

first time on appeal, Flores-Garcia argues that the district court erred in imposing concurrent five-year terms of supervised release.  The Government concedes that the district court reversibly erred by imposing terms of supervised release that exceeded the statutory maximum, and it contends that Flores-Garcia's sentence should be modified accordingly.

Under FED. R. CRIM. P. 52(b), this court may correct forfeited errors only when the appellant shows that (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights.  United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Under plain error review, this court corrects overlong terms of supervised release.  United States v. Meshack, 225 F.3d 556, 578 (5th Cir. 2000), amended on reh'g by 244 F.3d 367 (5th Cir.), cert. denied 534 U.S. 861 (2001).

Flores-Garcia's convictions under 8 U.S.C. § 1324(a)(1)(A) carried maximum sentences of ten years, thereby rendering the offenses Class C felonies.  See 8 U.S.C. § 1324(a)(1)(B)(i); 18 U.S.C. § 3559(a)(3) (providing that offense with a maximum penalty of at least ten but less than 25 years of imprisonment is a Class C felony).  The maximum term of supervised release for a Class C felony is three years.  18 U.S.C. § 3583(b)(2).  We therefore modify Flores-Garcia's imposed term of supervised release to the statutory maximum three-year term.  See Meshack,

225 at 578; see also United States v. Doggett, 230 F.3d 160, 164 n.2 (5th Cir. 2000).

AFFIRMED AS MODIFIED.