United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41268
Conference Calendar

_____

NHA KHIEM TRAN, also known
as Tony Tran, also known as
Larry Tran,

Petitioner-Appellant,

versus

SUZANNE HASTINGS, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-40
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Nha Khiem Tran, federal prisoner # 48793-079, appeals the
district court's denial of his 28 U.S.C. § 2241 habeas petition
challenging his conviction and sentence for conspiracy to possess
with intent to distribute methylenedioxy amphetamine (MDA),
for which he received a sentence of 240 months' imprisonment.
Relying on United States v. Doggett, 230 F.3d 160 (5th Cir.
2000), Tran argues that his indictment contained a jurisdictional

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defect because it did not charge the element of the drug quantity involved in the offense.  He argues that because he has no remedy under 28 U.S.C. § 2255, he is entitled to seek relief under 28 U.S.C. § 2241 pursuant to the savings clause of 28 U.S.C. § 2255.

Title 28 U.S.C. § 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandate of the savings clause of 28 U.S.C. § 2255.

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Although on appeal Tran relies on Doggett to support his position, in the district court, he relied on the Supreme Court's intervening decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), which was the basis for the Doggett decision.

Apprendi does not apply retroactively to cases on collateral review, and an Apprendi claim does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition under the savings clause. See Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002), cert. denied, 537 U.S. 1241 (2003). Therefore, Tran's claims do not fall within the "savings clause"

of 28 U.S.C. § 2255.  The district court's judgment dismissing the petition is AFFIRMED.