# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2007

Charles R. Fulbruge III
Clerk

No. 06-41460
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LAURA MARTINEZ RUIZ

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-221-1

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Laura Martinez Ruiz was convicted of one count of conspiracy to distribute methamphetamine, and the district court sentenced her to serve 121 months in prison. Martinez Ruiz appeals her conviction and sentence. She argues that the evidence adduced at trial is insufficient to support the jury's findings concerning the amount of drugs involved with her offense. She concomitantly argues that her sentence is improper because it was based on the jury's erroneous drug quantity findings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's denial of a motion for judgment of acquittal de novo and uses the same standards that are applied to a challenge to the sufficiency of the evidence. United States v. Wise, 221 F.3d 140, 154 (5th Cir. 2000). The central question is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). This Court "consider[s] the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices made in support of the verdict." Id. (internal quotation marks omitted). The jury alone has the authority to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony. United States v. Millsaps, 157 F.3d 989, 994 (5th Cir. 1998).

The evidence adduced at trial established that Martinez Ruiz participated in a conspiracy with her husband to distribute over 500 grams of a substance containing methamphetamine. "As long as it is not factually insubstantial or incredible, the uncorroborated testimony of a co-conspirator, even one who has chosen to cooperate with the government in exchange for non-prosecution or leniency, may be constitutionally sufficient evidence to convict." United States v. Medina, 161 F.3d 867, 872-73 (5th Cir. 1998). At trial, a confidential informant, who the government characterized during closing arguments as an unindicted co-conspirator, testified that he purchased over 500 grams of methamphetamine from the defendant and her husband between February and October of 2005. This testimony was corroborated by video surveillance of two controlled buys of methamphetamine by the confidential informant from the defendant and her husband. The confidential informant's testimony, when viewed in the light most favorable to the prosecution, sufficiently supported the jury's drug quantity determination. See United States v. Turner, 319 F.3d 716, 721 & n.6, 723-24 (5th Cir. 2003) (co-conspirator's uncorroborated testimony that he sold four kilograms of cocaine to another co-conspirator "and discussed the

sale of many more" provided constitutionally sufficient evidence to sustain the jury's drug quantity determination).  In addition to considering the quantity of drugs seized by police, the jury was entitled to credit the confidential informant's testimony that the defendant and her husband had sold him over 500 grams of methamphetamine over a period of several months.  See United States v. Greenwood, 974 F.2d 1449, 1454, 1458 (5th Cir. 1992) (overruling an evidentiary sufficiency objection to a conspiracy conviction based on co-conspirator's testimony that the defendant successfully smuggled approximately 100 pounds of marijuana in furtherance of a conspiracy involving over 100 kilograms [220 pounds] of marijuana).

This Court will not substitute its own determination of credibility for that of the jury. United States v. Martinez, 975 F.2d 159, 161 (5th Cir. 1992). The evidence was sufficient to show that Martinez Ruiz was guilty of conspiring to distribute methamphetamine, and the conspiracy involved distribution of more than 500 grams of a substance containing methamphetamine.  United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000) ("If the government seeks enhanced penalties under 21 U.S.C. § 841(b)(1)(A) or (B), the [drug] quantity must be stated in the indictment and submitted to the [fact finder] for a finding of proof beyond a reasonable doubt."); Turner, 319 F.3d at 722-23 (the government need only prove that the "conspiracy as a whole" distributed the drug quantity alleged in the indictment to meet its burden of proof at trial).

The evidence was sufficient for a reasonable trier of fact to find beyond a reasonable doubt that Martinez Ruiz's offense involved the amount of drugs found by the jury.  Ortega Reyna, 148 F.3d at 543.  Martinez Ruiz has shown no error in connection with her conviction and sentence.

AFFIRMED.