# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2010

Lyle W. Cayce
Clerk

No. 08-40999
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO ORTEGA MARTINEZ, also known as Robert Ortega Martinez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-1089-6

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roberto Ortega Martinez appeals both his guilty plea convictions and within-guidelines sentence of 412 months' imprisonment for attempting to possess, with intent to distribute, approximately two kilograms of cocaine in June 2006 and using and carrying a firearm during the commission of that drug-trafficking offense.  He contends:  the district court committed plain error in misadvising him of the applicable penalties, resulting in a guilty plea that was *not* knowing, voluntary, and intelligent; his sentence was procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable; and the court committed clear error by including methamphetamine and cocaine stolen in July 2006 as part of its drug-quantity calculations for sentencing purposes.

We review only for plain error two issues that Martinez did *not* raise in district court:  his guilty plea was involuntary, and his sentence was procedurally unreasonable. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). Under plain-error review, we may reverse if, *inter alia*:  there is error; it is clear or obvious; and it affects defendant's substantial rights. *E.g., United States v. Molina*, 469 F.3d 408, 411 (5th Cir. 2006).

For showing reversible plain error for his plea, Martinez must show a reasonable probability that, but for the error, he would *not* have entered the plea. *Id.* at 411–12.  In contending his convictions must be vacated, Martinez claims an incorrect possible-penalties admonition rendered his guilty plea involuntary.  Even assuming the district court committed plain error in misadvising him of the applicable penalties, Martinez points to *no* record evidence showing the error affected his decision to plead guilty. *See id.* at 412; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  Accordingly, Martinez fails to meet his burden under plain-error review.

For the two sentencing issues, we engage in a bifurcated review of the sentence imposed by the district court. *Gall v. United States*, 552 U.S. 38, 50–51 (2007).  Although the substantive reasonableness of the sentence is ultimately reviewed under an abuse-of-discretion standard, we must first ensure that the district court committed *no* "significant procedural error", such as imposing a sentence based on clearly erroneous findings of fact. *Id.* at 51.  Its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

We likewise reject Martinez' assertion that the district court committed procedural error by attributing drug quantities to Martinez that were *not* proven

to a jury beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Because Martinez' drug-offense sentence was within the advisory Guidelines sentencing range, the district court was required to find evidence of the drug quantity only by a preponderance of the evidence, and it was *not* plain error to do so. *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir. 2000). Moreover, Martinez' within-guidelines sentence is entitled to a presumption of reasonableness which Martinez has not rebutted. *Gall*, 552 U.S. at 51.

Finally, Martinez fails to show the district court committed clear error by including, as part of its drug-quantity calculations, methamphetamine and cocaine stolen in July 2006. *See United States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998). In determining the amount of drugs attributable to defendant, the sentencing court may consider any relevant information, without regard to its admissibility, as long as the court concludes that it has sufficient indicia of reliability. *Id.* Consequently, the district court did not commit clear error in relying on the presentence investigation report and testimony from the trial of Martinez' codefendants to make its drug-quantity finding. *See United States v. Ramirez*, 963 F.2d 693, 708 (5th Cir. 1992). Although Martinez asserts the district court did *not* provide him adequate notice of its intent to rely upon that trial evidence, he did *not* object on this basis at sentencing and has *not* shown that the lack of notice affected the outcome of the district court proceedings. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

AFFIRMED.